

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 21, 2025**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: 19-44283-ELM |
| | § | |
| WILLIAM SCOTT BROWN, SSN xxx-xx-3421 | § | CHAPTER 13 |
| SANDI RIDER BROWN, SSN xxx-xx-8994 | § | |
| | § | JUDGE Edward L Morris |

**ORDER DISCHARGING DEBTOR AFTER COMPLETION**
**OF CHAPTER 13 PLAN**

The court finds that the debtors filed a petition under Title 11, United States Code, on October 18, 2019, that the debtors' plan has been confirmed, and that the debtors have completed all payments under the plan.

**IT IS THEREFORE ORDERED THAT**

1. Pursuant to 11 U.S.C. Section 1328(a), the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. Section 502, except any debt:

    a. provided for under 11 U.S.C. Section 1322(b)(5) on which the last payment is due after the date on which the final payment under the plan was due;

    b. for an unsecured claim of a governmental unit for a tax required to be collected or withheld and for which the debtor is liable in whatever capacity, as specified in 11 U.S.C. Section 507(a)(8)(C);

    c. for a tax or a custom duty with respect to which a return, or equivalent report or notice, if required, was not filed or given; or was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition, as specified in 11 U.S.C. Section 523(a)(1)(B);

    d.   for a tax or a custom duty with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax, as specified in 11 U.S.C. 523(a)(1)(C);

    e.   for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; use of a statement in writing that is materially false, respecting the debtor's or an insider's financial condition; on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and that the debtor caused to be made or published with intent to deceive, as specified in 11 U.S.C Section 523(a)(2);

    f.   neither listed nor scheduled under 11 U.S.C. Section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit, if such debt is not of a kind specified in paragraph (2), (4), or (6) of 11 U.S.C. Section 523(a), timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or if such debt is of a kind in paragraph (2), (4), or (6) of 11 U.S.C. Section 523(a), timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request, as specified in 11 U.S.C 523 (a)(3);

    g.   for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, as specified in 11 U.S.C. 523(a)(4);

    h.   for a domestic support obligation, as specified in 11 U.S.C. Section 523(a)(5);

    i.   for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or an obligation to relay funds received as an educational benefit, scholarship or stipend; or any other educational loan that is a qualified educational loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual, as specified in 11 U.S.C. Section 523(a)(8);

    j.   for a death or personal injury caused by the debtor's unlawful operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance, as specified in 11 U.S.C. Section 523 (a)(9);

    k.   for restitution or a criminal fine included in a sentence on the debtor's (s') conviction of a crime; or restitution, or damages, awarded in a civil action against the debtor;

    l.   for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal inury to an individual or the death of an individual.

2. Pursuant to 11 U.S.C. Section 1328(d), the debtor is not discharged from any debt based on an allowed claim filed under 11 U.S.C. Section 1305(a)(2) if prior approval by the Trustee of the debtor's incurring such debt was practicable and was not obtained.

3. Notwithstanding the provisions of Title 11, United States Code, the debtor is not discharged from any debt made non-dischargeable by 18 U.S.C. Section 3613(e), by certain provisions of titles 10, 37, 38, 42, and 50 of the United States Code, or by any other applicable provision of law.

4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

# # # End of Order # # #

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors" property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or respossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.